UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Sonya Landrum, ) | Civil Action No.: 9:15-cv-03067-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Sonya Landrum ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Plaintiff's claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (the "Act"). The matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) for the District of South Carolina. The Magistrate Judge recommends the Court affirm the Commissioner's decision. [ECF #14].

**Factual Findings and Procedural History**

The facts, including the medical timeline and evidence contained within the record, are adequately set forth by the Magistrate Judge in the Report and Recommendation. [ECF #14, pp. 3-11]. Briefly stated, Plaintiff was a thirty-three year old female on the date the application was filed, March 15, 2012. Plaintiff alleges that she suffers from social anxiety disorder, depression, chronic pain/constipation, and gynecological problems. [ECF #10, p. 4]. She alleges a disability onset date of March 15, 2012. [ECF #14, p. 1].

It appears Plaintiff began treatment at Westgate Training and Consultation Network for her mental issues with MFT student therapists in 2010. [ECF #9-8, Ex. 8F]. She returned to Westgate Training and Consultation Network in March of 2012 [ECF #9-8, Ex. 8F]. She also sought treatment in 2012 from Dr. Hedden at Carolina Family Physicians, requesting a prescription for Valium. [ECF #9-7, Ex. 5F]. The treatment notes reflect that Plaintiff indicated she would be taking Valium "as little as once a week." [ECF #9-7, Ex. 5F]. Dr. Hedden later filled out the Medical Assessment Mental Ability-Work Related Activities form in October of 2012. [ECF #9-8, Ex. 9F]. In May of 2012, Plaintiff went to Dr. Patel for a disability examination. From the treatment notes, it appears Plaintiff was working part-time cleaning offices for her parents. [ECF #9-7, Ex. 6F]. Those records reveal "no anxiety or depression," however Dr. Patel indicated Plaintiff suffered from social anxiety. [ECF #9-7, Ex. 6F]. Dr. Patel also noted his impression that Plaintiff could work in a job setting where she was not around a lot of people. [ECF #9-7, Ex. 6F]. Dr. Ruffing also performed a clinical interview and found that Plaintiff would likely struggle in the typical work environment, but she could focus and perform simple to repetitive tasks and carry out detailed instructions. [ECF #9-7, Ex. 7F].

In 2013, Plaintiff sought treatment at Spartanburg Area Mental Health Center where the records reveal she had logical, goal-directed thoughts, but also indicate she seemed anxious. [ECF #9-8, Ex. 10F-11F]. In August of 2013, she was assessed a GAF score of 55, indicating moderate difficulty in social or occupational functioning. [ECF #9-8, Ex. 10F-11F]. The records also indicate Plaintiff inquired about obtaining disability and told the provider she was informed that she had a better chance of obtaining disability if she sought treatment there. [ECF #9-8, Ex. 10F-11F].

At the hearing, Plaintiff testified to her activities of daily living including performing chores, using the computer, shopping and working with her parents. [ECF #9-2, pp. 60-65]. The vocational

expert testified that she would be able to perform her job as a cleaner based assuming the RFC as assessed by the ALJ. [ECF #9-2, p. 87]. The vocational expert also testified there were other jobs existing in the national economy she would be able to perform. [ECF #9-2, pp. 90-92].

The Social Security Administration denied Plaintiff's application initially and on reconsideration, so Plaintiff requested a hearing before the Administrative Law Judge ("ALJ"). [ECF #14, p. 1]. The ALJ held a hearing on February 3, 2014. [ECF #14, p. 1]. The ALJ denied Plaintiff's claim on April 24, 2014, finding that Plaintiff was not under a disability as defined in the Social Security Act, as amended. [ECF #14, p. 2]. In the decision, The ALJ determined that, although Plaintiff suffers from "severe" impairments of anxiety, depression, and social anxiety, she still retained the residual functional capacity to perform medium work, with limitations to unskilled work, no pace driven work, and only occasional interaction with the public, co-workers, and supervisors. [ECF #14, p. 3]. The ALJ's findings were as follows:

> (1) The claimant meets the insured status requirements of the Social Security Act through June 30, 2014.
>
> (2) The claimant has not engaged in substantial gainful activity since March 15, 2012, the alleged onset date. (20 C.F.R. 404.1571 *et seq.*, 416.971 *et seq.*).
>
> (3) The claimant has the following severe impairments: anxiety, depression, and social anxiety (20 C.F.R. 404.1520(c) and 20 C.F.R. 416.920(c)).
>
> (4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> (5) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform

>   medium work as defined in 20 C.F.R. 404.1567(c) and 416.967(c) except the claimant can have only occasional interaction with the public, co-workers, and supervisors. The claimant is limited to unskilled work and no pace driven work.
>
>   (6) The claimant is capable of performing past relevant work as a cleaner. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. 404.1565 and 416.965).
>
>   (7) The claimant has not been under a disability, as defined in the Social Security Act, since March 15, 2012, through the date of this decision (20 C.F.R. 404.1520(f) and 416.920(f)).

[ECF #9-2, pp. 20-27].

Plaintiff requested a review of the ALJ's decision. The Appeals Council denied Plaintiff's request to review the ALJ's decision, making the decision of the ALJ the final decision of the Commissioner. [ECF #14, p. 2]. On August 5, 2015, Plaintiff filed a complaint seeking judicial review of the Commissioner's decision. [ECF #1]. Both Plaintiff and Defendant filed briefs [ECF #10; ECF #11; ECF #12], and the Magistrate Judge issued his Report and Recommendation on October 3, 2016, recommending that the Commissioner's decision be affirmed. [ECF #14, p. 19]. The Magistrate Judge recommends affirming the Commissioner's decision because the record contains substantial evidence to support the decision that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time period. [ECF #14, p.19]. Plaintiff filed objections on October 20, 2016. [ECF #15]. Defendant replied to these objections on November 3, 2016. [ECF # 17].

## Standard of Review

**I.    Judicial Review of the Commissioner's Findings**

The federal judiciary has a limited role in the administrative scheme established by the Act, which provides the Commissioner's findings "shall be conclusive" if they are "supported by substantial

evidence." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

This statutorily mandated standard precludes a de novo review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). The Court must uphold the Commissioner's factual findings "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (stating that even if the Court disagrees with the Commissioner's decision, the Court must uphold the decision if substantial evidence supports it). This standard of review does not require, however, mechanical acceptance of the Commissioner's findings. *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). The Court "must not abdicate [its] responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner]'s findings, and that [her] conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

**II.     The Court's Review of the Magistrate Judge's Report and Recommendation**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the Report and Recommendation ("R & R") to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of

5

the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

Here, after reviewing the record, including the briefs filed by the parties, the Magistrate Judge recommends affirming the decision of the Commissioner. Plaintiff raises two objections to the recommendation by the R&R: (1) the Magistrate Judge erred in finding that the ALJ properly evaluated the opinion evidence in this case; and (2) that the Magistrate Judge did not properly consider the fact that the ALJ denied Plaintiff's claim based on the misstatement of an important fact. [ECF #15]. These are the same issues that were previously raised by the Plaintiff in her initial brief to this Court. This Court will analyze both objections in turn.

## Analysis

### I. Evaluation of Opinion Evidence

Plaintiff's first objection, previously raised in her brief, is that the ALJ did not give appropriate weight or consideration to the opinions of Dr. Winter and Dr. Hedden, two of Plaintiff's treating physicians. The Magistrate Judge did not find reversible error in the ALJ's analysis of these opinions.

With respect to the ALJ's treatment of the opinion of Dr. Winter, the Magistrate Judge determined that there was substantial evidence to support the ALJ's decision to give Dr. Winter's opinion little weight because Dr. Winter's medical records contained only vague notes regarding Plaintiff's symptoms (i.e. Plaintiff's anxiety was "real and disabling," and that "she could not hack work"). [ECF #14, p. 13]. The Magistrate Judge notes that Dr. Winter's opinion does not contain any functional limitations for Plaintiff, nor does the opinion provide an explanation of how Plaintiff's anxiety impacts her work. [ECF #14, p. 14].

First, the determination of whether an individual is disabled is reserved for the Commissioner. *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994). Furthermore, an ALJ holds the discretion to give less weight to the opinion of a treating physician in the face of persuasive contrary evidence. *Thompson v. Astrue*, 442 Fed. Appx. 804, 808 (4th Cir. 2011) (citing *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001)). As Plaintiff correctly notes, Dr. Winter does state that Plaintiff's anxiety was "real and disabling." However, the ALJ adequately explained why Dr. Winter's statements were given less weight, namely because those statements were vague and contradicted by the evidence of record. As the Magistrate Judge explained, the Magistrate Judge considered the fact that the ALJ explained that Dr. Winter's opinion is inconsistent with his only assigned GAF score of 55, and with treatment notes that show Plaintiff could perform a variety of activities of daily living, and that she was experiencing improvement with treatment. [ECF #9-2, p. 25]. Plaintiff herself testified to the types of activities she could engage in on a daily basis.

Plaintiff also argues that Dr. Winter's opinion cannot be used as evidence to suggest Plaintiff can work on a "regular and continual basis." [ECF #15, p. 2]. Plaintiff points to case law to suggest the ability to perform "simple acts" is not indicative of the ability to perform these acts over a period of

time. Yet, the list of daily activities that Plaintiff testifies to engaging in, and the activities listed in the treatment notes, are varied and wide in breadth, including the ability to go shopping, feed herself, perform household chores, and interact with others on the Internet. Furthermore, the ALJ explained that while Dr. Winter opines that Plaintiff has disabling anxiety, Dr. Winter also notes during the August 2013 examination that Plaintiff was logical and had goal-directed thoughts. In December 2013, Dr. Winter noted that Plaintiff was fully oriented, had good concentration skills, and a GAF score of 55, indicating no more than moderate limitations. Plaintiff would rather the ALJ have focused on treatment notes that state Plaintiff's anxiety was apparent during an evaluation in 2013, however this does not demand a reversal of the ALJ's decision. Plaintiff further attempts to show error in the ALJ's decision by pointing to treatment notes that Plaintiff believes "prove" she is entitled to a finding of disability. For instance, Plaintiff states that in Dr. Winter's treatment notes, it states that Plaintiff's anxiety was apparent during an August 29, 2013 visit, that she was hypersensitive to advice or direction, and that she tended toward a gloomy disposition. [ECF #15, p.2]. However, as the Magistrate Judge explains, the ALJ did take this information into account by limiting the type of work Plaintiff can perform and the circumstances under which she can work.

Plaintiff further argues that the ALJ ignored other GAF scores from the earlier part of 2012, when she was being seen at Westgate Training and Consultation Network, which she believes support Dr. Winter's opinion. However, the ALJ did consider treatment notes indicating these scores during this time frame. Furthermore, the ALJ 's Residual Functional Capacity rating includes limitations in pace and in interacting with other members of the public, thereby indicating that the ALJ has considered the fact that Plaintiff suffers from anxiety. However, the ALJ determined that the treatment records do not support a finding that Plaintiff's anxiety was so disabling that she meets the requirements of the

8

listed impairments. [ECF #9-2, p. 22]. This Court does not find reversible error in this assertion.

Plaintiff next argues that the ALJ relied upon "unquantified" activities to explain why she did not give controlling weight to the opinion of Dr. Winter, a treating physician. As previously outlined, Plaintiff's testimony as to her daily activities was not the sole reason the ALJ did not give Dr. Winter's opinion controlling weight. Therefore, while Plaintiff attempts to discount the activities she is involved in on a daily basis, the ALJ reviewed her testimony and found it consistent with the treatment records and the notations found within the medical records regarding her daily activities.

Finally, Plaintiff argues that treatment notes from Ms. Gault with Spartanburg Area MHC support Dr. Winter's opinions, namely that Plaintiff was not showing improvement with treatment. [ECF #15, p. 5]. Specifically, Plaintiff points to the fact that Ms. Gault's notes indicates Plaintiff was "debilitated by stress and anxiety" which supports Dr. Winter's statement that Plaintiff "will not get much better." [ECF #9-8, Ex. 10F]. Ms. Gault's treatment notes also indicate that Plaintiff was "stable" and "unwilling to make changes." [ECF #9-8, Ex. 10F]. As previously indicated, the ALJ indicated the treatment notes reflecting some signs of improvement, but the ALJ still limited the Plaintiff's within the RFC based on her anxiety. Accordingly, this Court finds that substantial evidence exists in the record to support the ALJ's findings regarding the weight given to Dr. Winter's opinion, and accordingly, this Court overrules Plaintiff's objection to this finding.

Next, Plaintiff objects to the Magistrate Judge's review of the ALJ's analysis of treating physician Dr. Hedden's opinion, essentially arguing that the Magistrate Judge engaged in post hoc rationalization. On October 9, 2012, Dr. Hedden filled out a form document regarding Plaintiff's mental capabilities. The ALJ specifically noted that, "beyond check marks placed on a form devised by claimant's representative, these findings are not supported by any adequate explanations or any

9

objective clinical [signs], diagnostic studies, or laboratory findings." [ECF #9-2, p. 25]. Furthermore, the ALJ felt that Dr. Hedden's opinions on the form document contradicted his previously examinations, revealing minimal health abnormalities. [ECF #9-2, p. 25]. The ALJ also noted that Dr. Hedden's opinion on the form document contradicted the other evidence of record, most notably within that same form document which suggest Plaintiff could follow tasks and directions. [ECF #9-8, Ex. 9F]. These findings are not inconsistent with the Magistrate Judge indicating in the R&R that Plaintiff visited Dr. Hedden once after her alleged onset disability date, and prior to that time, had not been to see him for two years.

The regulations provide that the more relevant evidence a medical source provides to support his or her opinion, the more likely it is that the opinion will be given greater weight. 20 C.F.R. §§ 404.1527(c)(3); 416.927(c)(3). The Magistrate Judge determined that substantial evidence supported the ALJ giving less weight to a physician who filled out a form document after visiting with a patient only a few times or less in a two year period. This was the case because Dr. Hedden did not include objective, such as laboratory documents, or treatment notes, to support his findings. Furthermore, the ALJ pointed out that the form document actually contradicted his earlier findings in other treatment notes. The Magistrate Judge did not engage in "post hoc rationalization" in specifically delineating the contradictions in Dr. Hedden's own records. For example, Dr. Hedden found that Plaintiff did not have significant concentration problems and could carry out simple job instructions, contrary to what he indicated on the form document.

Plaintiff further takes objects to the fact that the ALJ noted that Plaintiff informed Dr. Hedden that she was attempting to obtain disability as the ALJ's alleged support of her decision to give Dr. Hedden's opinion little weight. This Court does not find that the ALJ's highlighting of this fact, in

10

addition to other factors that call Dr. Hedden's opinion into question, to be reversible error. With respect to the fact that the ALJ was "unqualified" to draw conclusions from the fact that Plaintiff's examinations often revealed a mix of "positive and negative feelings," Plaintiff does not provide case law to suggest that the ALJ here has done anything other than what her role is in presiding over a disability hearing; that is, to determine whether a physician's opinion is supported by the record. Accordingly, this Court agrees with the Magistrate Judge that finds substantial evidence exists within the record to support the ALJ's findings with respect to Dr. Hedden's opinion.

Finally, Plaintiff generally argues that the ALJ gave significant weight to non-examining physician opinions when she should not have done so because their opinions were based on an "incomplete record." [ECF #15, p. 7]. Plaintiff does not further elaborate on which of the non-examining physician opinions she finds objectionable based on this argument. In the absence of specific objections, the Court need only review for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Plaintiff argues that the state agency consultants did not have the benefit of reviewing Dr. Winter's opinions or Dr. Hedden's opinions  However, the state agency consultants reviewed Plaintiff's file in June and October of 2012. She had not yet seen Dr. Winter; thus his opinion was not in the file for review. Dr. Hedden saw Plaintiff in March and October of 2012. Whether his opinion was taken into account by Dr. Von and Dr. Horn is unclear from the record.

Plaintiff cites to *Hall v. Harris*, 658 F.2d 260, 266 (4th Cir. 1981) as cite support for her assertion that the state agency physicians' opinions are "defective evidence." In *Hall v. Harris*, the Fourth Circuit found that the state agency physician's determination that the plaintiff could perform "light work" was contradictory to that plaintiff's testimony and was not further defined by the physician. *Id.* Furthermore, the Fourth Circuit considered the fact that the state agency physician never examined

11

the plaintiff, and based his opinions on medical reports that did not furnish information to suggest the plaintiff could perform light work. *Id.* Otherwise, the case does not suggest that these state agency physicians' opinions are defective simply because the plaintiff continued to treat with doctors, and the records from those appointments was not before the state agency physicians. Furthermore, the ALJ had the benefit of considering all of the records that Plaintiff claims were not before the state agency physicians (those of Dr. Winter and Dr. Hedden), and determined that the RFC adequately accounted for those findings. Accordingly, this Court finds substantial evidence exists to support the ALJ'S opinions of the state agency physicians and overrules Plaintiff's objection.

## II. Misstatement of Fact

Although Plaintiff argued in her brief that the ALJ failed to properly evaluate Dr. Ruffing's opinion, Plaintiff appears to abandon that argument in her objections. However, Plaintiff still argues that the ALJ relied upon a misstatement of fact within Dr. Ruffing's findings. Plaintiff's second objection is that the ALJ based her opinion on a misstatement of an important fact. Plaintiff argues that Dr. Ruffing expressed work-preclusive limitations that should have led to a finding that Plaintiff was disabled. [ECF #15, p. 9]. In considering this same argument raised in Plaintiff's brief, the Magistrate Judge considered the fact that while Dr. Ruffing stated that Plaintiff would struggle in managing "concentration, persistence, and pace," Dr. Ruffing did not place specific restrictions on her ability to work. [ECF #14, p. 11]. Further, the Magistrate Judge noted that Dr. Ruffing also found Plaintiff could focus without "distractibility," and she demonstrated "good mastery of cognitive faculties." [ECF #14, p. 12]. Finally, Dr. Ruffing's treatment notes indicate that Plaintiff scored 30/30 on the Folstein Mini-Mental Status Exam, wherein a score of 24 or higher suggests mental status functioning within normal limits. [ECF #14, p. 12]. The Plaintiff concedes that the ALJ did not have to provide a summary of

every line of Dr. Ruffing's report. Instead, Plaintiff argues that Dr. Ruffing's limitations in concentration, persistence, and pace" required in a typical work environment is highly relevant to a disability determination and should have supported an alternate finding.

Plaintiff's misconstrues the reading of *Brazie v. Comm. of Social Sec.*, No. 3:14-cv-937-J-DNF (M.D. Fla. Sept. 21, 2015) to support this argument. In that case, the ALJ apparently failed to weigh and consider objective evidence such as an MRI, nerve conduction test, and a sensory examination. *Id.* at *4. Further, the ALJ apparently gave great weight to physician opinions given prior to the Plaintiff undergoing significant objective testing. *Id.* Here, not only did the ALJ specifically mention reviewing the Dr. Ruffing's "detailed reports, which included testing, a clinical interview and observations," but she also gave his opinion great weight. [ECF #9-2, p. 25]. The ALJ includes within her opinion that the claimant has moderate difficulties in concentration, persistence or pace, which is in line with Dr. Ruffing's findings. [ECF #9-2, p. 22]. Moreover, the RFC limits Plaintiff to "no pace driven work." [ECF #9-2, p. 23]. Based upon its review of the ALJ's opinion, this Court finds that substantial evidence supports the ALJ's findings and does not find the ALJ misstated Dr. Ruffing's opinions. Accordingly, Plaintiff's objection is overruled.

## **Conclusion**

The Court has thoroughly reviewed the entire record as a whole, including the administrative transcript, the briefs, the Magistrate Judge's R & R, Plaintiff's objections to the R & R, Defendant's response to Plaintiff's objections, and the applicable law. For the foregoing reasons, the Court adopts the recommendation of the Magistrate Judge. [ECF #14]. The decision of the Commissioner is affirmed.

**IT IS SO ORDERED.**

Florence, South Carolina                                             s/ R. Bryan Harwell
January 11, 2017                                                     R. Bryan Harwell
                                                                     United States District Judge

14